## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

**PAWS FOR A TREAT, LLC**

**v.**

**THE CHRISTMAS TREE SHOPS, INC. and
NANTUCKET DISTRIBUTING CO., INC.**

**Civil Action**

**August 16, 2005**

## COMPLAINT

The plaintiff, Paws for a Treat, LLC, brings this action, stating for its complaint that:

## PARTIES

1.  The plaintiff, Paws for a Treat, LLC, is a limited liability company organized and existing under the laws of the State of Connecticut, with its office and principal place of business at 140 Holcomb Street, Simsbury, Connecticut 06070.

2.  Defendants Christmas Tree Shops, Inc. ("CTS") and Nantucket Distributing Co., Inc. ("NDC") are corporations organized and existing under the laws of the Commonwealth of Massachusetts, each with their office and principal place of business at 261 White's Path, South Yarmouth, Massachusetts 02664. Defendant CTS may be served by service on the manager of its store at 200 Indian River Road, Orange,

Connecticut 06477 or by service on its statutory its agent for process is CT Corporation System, One Commercial Plaza, Hartford, Connecticut 06103.  The defendants sell and distribute a substantial portion of the goods in question in the State of Connecticut.

## JURISDICTION AND VENUE

3.   This court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity of citizenship); 28 U.S.C. § 1338 (copyright); section 39 of the Lanham Act, 15 U.S.C. § 1121; and supplemental jurisdiction under 28 U.S.C. § 1367.

4.   Venue is proper under 28 U.S.C. § 1400(a).

## FACTUAL BACKGROUND

### A. The Plaintiff and Its Products

5.   The plaintiff designs, manufactures, distributes, and sells retail and wholesale pet-related novelty and craft items as well as related paraphernalia. These items are sold throughout the country through retailers and  via the internet.

### The Plaintiff's "Pooch Party Pack"

6.   Commencing in or about October 2001 and continuing through the present, plaintiff designed, marketed,  and sold a product under the trademark logo "Pooch Party Pack." The product is sold in interstate commerce.

7.  The "Pooch Party Pack" designed and marketed by the plaintiff is comprised of party supplies to help celebrate a dog's birthday. (See Exhibit 1) The contents consist of the following:

- 4 balloons (one red, purple, green, and yellow) with white paw prints,

- 4 copyrighted party hats,

- 4 copyrighted invitation cards [the "Invitation Cards"] with envelopes,

- 4 treat bags with twist ties,

- 1 bone shaped candle [the plaintiff's "Bone Candle"],

- 1 copyrighted dog scarf, and

- 1 copyrighted list of suggestion entitled "Tips for a successful canine birthday party" [the plaintiff's "List of Tips"].

8. The plaintiff's "Pooch Party Pack" bears the logo "Pooch Party Pack," with the letters "tm" after this logo.

**The Plaintiff's Invitation Cards**

9.  The plaintiff's Invitation Cards, included as a distinct element of the plaintiff's "Pooch Party Pack," contain the following words on the front cover: "Come to a dog-gone good party" with imprinted dog bones and paw prints.

10.  The Invitation Cards also contain the following phrases on the inside left page:

"Woof" (four times),

> "It's going to be a howling good time",
> "Party 'till the dogs come home",
> "Let's play pin the tail on the cat."

11.  On the right inside page of the Invitation Card is the statement "You and your human are invited to help me celebrate my birthday!"   The Invitation Card also provides dotted lines to give the invitee the following information:

> "Party for _ _ _ _ _ _ _ _ _ ,"
> "Place _ _ _ _ _ _ _ _ _ _ _ ,"
> "Date & Time _ _ _ _ _ _ ,"  and
> "RSVP  _ _ _ _ _ _ _ _ ."

The invitation also bears one paw print.

12. The plaintiff's Invitation Card bears the following copyright notice:

> "copyright 2001
> Paws For A Treat, LLC
> Simsbury, CT"

13. While the Invitation Card can be purchased as a part of the plaintiff's "Pooch Party Pack," it is also a separate item sold separately by the plaintiff.

14. A copy of the plaintiff's Invitation Card is attached as Exhibit 2.

**<u>The Plaintiff's Bone Candle</u>**

15.  A Bone Candle is also included as a distinct element of the plaintiff's "Pooch Party Pack." It is a candle in the shape of a dog bone, with an extension enabling it to be inserted in a cake.  The bone-shaped portion of the candle is 2¾" long. It is 1⅜"

wide at the widest point and 1" wide at the narrowest point.  The Bone Candle is ¾"

thick.

16. The plaintiff's Bone Candle bears a logo reading "Happy Bone-Day Candle."

17. While the Bone Candle can be purchased as a part of the plaintiff's "Pooch

Party Pack," it is also a separate item sold separately by the plaintiff.

18. A picture of the plaintiff's Bone Candle is attached as Exhibit 3.

**The Plaintiff's List of Tips**

19.  Another distinct element of the plaintiff's "Pooch Party Pack," is the List

of Tips, a group of suggestions for hosting a canine birthday party, entitled "Tips for

a Successful Canine Birthday Party."

20. A picture of the List of Tips included in the plaintiff's "Pooch Party Pack,"

is attached as Exhibit 4.

21.  The plaintiff's List of Tips includes the following language:

- "Using the enclosed invitations, invite only dogs that your dog knows and likes.  It's good to have their humans come too. We suggest inviting 4 dogs to a party but you can invite as many humans as your dog wants."

- "Pick up all your dog's toys before the guests arrive to avoid any toy guarding issues. Some dogs don't know how to share well."

- "Make sure there is a big bowl of water available.  Dogs can get thirsty when they play."

- "If you have cats, put them and their litter box away in another room.  For some reasons, dogs think cat litter goodies are yummy treats."

- "The best place to have a party is in a big room or fenced in yard.  Check around for a doggie day care or training facility that may rent out the space for a party."

- "Provide human guests with a different cake then the one for the dogs.  Dogs can't have chocolate and white flower.  When serving the cake, feed dogs in separate areas to avoid food-guarding issues.  Humans can eat together, if they want to."

- "Take pictures shortly after the guests arrive if you want the Birthday Dog and their friends to pose.  You have a better chance of the dogs still obeying their owners before playtime commences.  If you have an instant camera, offer to take photos of the dog with their humans as a momento [sic] of the party."

- "Give the human guests treat bags filled with doggie treats to take home as favors."

- "Dogs or their humans can wear the party hats. The birthday dog wears the birthday scarf."

22. Each copy of the plaintiff's List of Tips includes the following copyright notice:

"©2001 Paws for a Treat, LLC."

23. While the Invitation Card can be purchased as a part of the plaintiff's "Pooch

Party Pack," it is also a separate item sold separately by the plaintiff.

24. A copy of the Invitation Card is attached as Exhibit 2.

## A. The Defendants and Their Infringements

25. Defendant CTS operates retail establishments in Connecticut, Massachusetts, Rhode Island, Vermont, New Hampshire, and New York.

26. Defendant CTS operates a web site and advertises its merchandise for sale on an internet web site.

27. Defendant NDC is identified on the back of the "Pet Party Pack" sold by defendant CTS as the distributor of the products involved in this case. The plaintiff is informed and believes that defendant NDC imports and/or distributes wholesale and/or retail items and goods for Defendant CTS.

### The Defendants' "Pet Party Pack"

28. At least since May 2005, the defendants' have been distributing and selling a product line similar to the plaintiff's "Pooch Party Pack," under the confusingly similar name of "Pet Party Pack."

29. A picture of the "defendant's "Pet Party Pack," is attached as Exhibit 5.

30. The defendants' "Pet Party Pack" contains virtually the same contents as plaintiff's "Pooch Party Pack," namely

- 4 balloons [in the same colors as the balloons included in the plaintiff's

"Pooch Party Pack." Like the balloons of the plaintiff's product, each
balloon is decorated with white paw prints]

- 4 party hats [similar to the party hats of the plaintiff's product but without
the plaintiff's copyright notice]

- 4 invitation cards, with envelopes for the invitee's response [similar to the
invitation cards and envelopes of the plaintiff's product but without the
plaintiff's copyright notice]

- 4 treat bags with twist ties [similar to the treat bags of the plaintiff's
product]

- 1 bone-shaped candle [similar to the plaintiff's Bone Candle]

- 1 list of "Tips for a Successful Canine Birthday Party" [almost verbatim to
the plaintiff's "List of Tips" but without the plaintiff's copyright notice].

**The Defendants' Invitation Cards**

31.   The invitation cards included in the defendants' "Pet Party Pack"  the

contained words similar to those contained on the plaintiff's "Pooch Party Pack,"

namely –

  a.   The front cover of defendants' "Pet Party Pack" invitation cards states
"Come to a dog-gone good party" with imprinted bones and paw prints.
[The plaintiff's "Pooch Party Pack" includes the same statement and
similar imprints.]

  b.   The inside left page of the defendants' "Pet Party Pack" invitation cards
contains the same phrases as those included in the plaintiff's "Pooch Party
Pack," in the same order and configuration as plaintiff's invitation, namely

- "woof" (four times),

- "It's going to be a howling good time,"

- "Party 'till the dogs come home,"

- "Let's play pin the tail on the cat."

c.   The inside right page of the defendants' "Pet Party Pack" invitation cards contains the same phrases as those included in the plaintiff's "Pooch Party Pack," namely –

- "You and your human are invited to help me celebrate my birthday!"

- Dotted lines are provided for information for "Party for", "Place", "Date & Time", and "RSVP."

- On the same page is one paw print.

32. A copy of the defendants' Invitation Card is attached as Exhibit 6.

**The Defendants' Bone Candle**

33.  The defendants' "Pet Party Pack" is confusingly similar to the plaintiff's Bone Candle. Both are candles shaped like a dog bone, each with an extension enabling it to be inserted in a cake.  The defendants' candle has precisely the same shape as plaintiff's Bone Candle.   Its physical dimensions are identical to those of the plaintiff's Bone Candle.

34. A picture of the defendants' Bone Candle is attached as Exhibit 7.

**The Defendants' List of Tips**

35.  The defendants' list of "Tips for a Successful Canine Birthday Party" on the outside back of the defendants' "Pet Party Pack" is essentially verbatim to the plaintiff's

"List of Tips." More specifically, the defendants' List is identical to the plaintiff's copyrighted "Tips" with two exceptions – first, the word "humans" is left out of the last sentence of the first paragraph; and second, the last sentence of the last paragraph is deleted.

36.  In fact, the defendants' List of Tips even carries over the errors contained in the plaintiff's List, e.g.,: (a) a grammatical error in the sixth paragraph, (b) a spelling error in plaintiff's seventh paragraph, and (c) hyphenation usage contained in plaintiff's "Tips" in the second and sixth paragraphs.

37. A picture of the List of Tips included in the defendants' "Pet Party Pack," is attached as Exhibit 8.

**The Defendants Lack of Permission from the Plaintiff**

38.  Defendants never requested or received permission to copy, sell, distribute, or market plaintiff's "Pooch Party Pack" or its contents as their own or in their stores.

39.  Defendants have not paid plaintiff any royalties, money, or anything of value for the sale of its "Pet Party Pack" or its individual contents.

## COUNT ONE
## COPYRIGHT INFRINGEMENT

40.  The plaintiff repeats the allegations contained in paragraphs 1 through 39 inclusive and incorporates same herein by reference thereto.

41.  The plaintiff is  and at all relevant times has been, the owner or licensee of exclusive rights under United States Copyright Act with respect to certain copyrighted text and works of art,  including but not limited to the copyrighted material identified in Exhibit 1 attached hereto, each of which is the subject of a valid  Copyright Registration filed with the Register of Copyrights or Common Law Copyright (the "Copyrighted Items").

42.  Among the exclusive rights granted to the plaintiff under the Copyright Act are  the  exclusive  rights  to  reproduce  the  Copyrighted  Items  and  to  distribute  the Copyrighted Items to the public.

43.  Defendants, without the permission or consent of plaintiff, have used, and continue to use, multiple retail outlets in the New England area sell the Copyrighted Items,  to  distribute  the  Copyrighted  Items  to  the  public,  and/or  to  make  the Copyrighted  Items  available  for  distribution  and/or  sale  to  others.  In  doing  so, defendants  have  violated  plaintiffs'  exclusive  rights  of  reproduction,  sale,  and distribution.

44.  Defendant's actions constitute infringement of plaintiff's copyrights and exclusive rights under copyright. (Paragraph 26  contains a complete description of the "Pet Party Pack" and contents of the retail item  defendants have made available for distribution and sale to the public.)  All of the items identified in Paragraph 26  have

been manufactured, imported, distributed, and/or offered for distribution and sale without permission of the plaintiff as copyright holder.

45. The foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of plaintiff. As a result of defendants' infringement of plaintiff's copyrights and exclusive rights under copyright, plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) and common law compensatory damages for defendants' infringement of each of the Copyrighted Items.

46. Plaintiff is further entitled to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

47. The conduct of defendants is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

48. Plaintiff has no adequate remedy at law.

49. Pursuant to 17 U.S.C. §§ 502 and 503, plaintiff is entitled to injunctive relief prohibiting defendant from further infringing plaintiff's copyrights, and ordering defendant to destroy all copies of the Copyrighted Items made in violation of plaintiff's exclusive rights.

## COUNT TWO
## COMMON LAW TRADEMARK VIOLATIONS

50.   Plaintiff hereby realleges and incorporates by reference the allegation of Paragraphs 1 through 49  inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full as part of this Count Two of the Complaint.

51.   Defendants' above averred acts constitute service mark infringement in violation of the common law of the State of Connecticut.

## COUNT THREE
## TRADE DRESS VIOLATION

52.   Plaintiff hereby realleges and incorporates by reference the allegations of Paragraphs 1 through 51 inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full as part of this Count Three of the Complaint.

53.   The plaintiff has a protectable interest in its trade dress design in that it –

   (a)   is inherently distinctive; or
   (b)   is at least descriptive and has acquired secondary meaning among consumers, and
   (c)   is not functional.

54.   The defendants' use of a similar trade dress design is likely to cause confusion among consumers as to the source of the defendants' goods or services.

55. Commencing in or about October 2001, and continuing without interruption at all times pertinent to this action up to and including the present date, plaintiff has used

a trade dress design of dog birthday party supplies, including the distinctive bone-shaped candle, invitations, and "Tips for a Successful Canine Birthday Party" contained in a "Pooch Party Pack" with an identifying "Pooch Party Pack" label affixed to her product as described above for retail and wholesale distribution.

56.  Plaintiff markets and sells the distinctive bone-shaped candles independently as well as being contained in the "Pooch Party Pack."

57.  Plaintiff's trade dress design is inherently distinctive.

58.  Plaintiff has invested considerable resources in developing her trade dress design and in promoting her products by use of this design.

59.  Significant segments of consumers likely to purchase plaintiff's products identify this trade dress with the plaintiff, or with a single unidentified source.

60.  The function of plaintiff's trade dress design is to identify plaintiff as the source of her products and to establish a symbol of quality and goodwill that consumers can trust.

61.  Commencing in or about June 2005, and continuing to the present, defendants have been selling dog birthday party supplies by use of a trade dress design consisting of the name "Pet Party Pack" with contents as described above, including the use of a distinctive bone-shaped candle, invitations,  and "Tips for a successful canine birthday party"  that is in all material respects confusingly similar or identical to plaintiff's

trade dress.

62. Defendants intentionally copied plaintiff's trade dress design in order unfairly to appropriate plaintiff's established goodwill and divert plaintiff's customers by means of deception as to the source of defendant's product.

63. As a result of defendants' use of a trade dress design that is similar to plaintiff's, a significant number of consumers are likely to be confused as to the source of the product they purchase.

64. Also as a result of defendants' use of a confusingly similar trade dress design, plaintiff has suffered injury in terms of diverted sales and diminution of the selling power of her established trade dress.

65. Defendants' continuing infringement of plaintiff's trade dress is likely to cause plaintiff irreparable harm by diverting sales and damaging plaintiff's business reputation and the reputation of plaintiff's products.

66. Defendant's above averred acts constitute false designations of origin, false and misleading descriptions, and false and misleading representations, which are likely to cause confusion, mistake or deception and misrepresent the nature, characteristics and qualities of defendant's services and goods in violation of 15 U.S.C. § 1125(a).

## COUNT FOUR
## VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT

67.  Plaintiff hereby realleges and incorporates by reference the allegations of Paragraphs 1 through 66 inclusive, and the acts of defendants asserted in those paragraphs, as if here set forth in full as part of this Count Four of the Complaint.

68.  The conduct of the defendants individually and/or in concert constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of business in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S. §§ 42-110a–42-110q, in one or more of the following ways, in that they:

a.  Interfered with the plaintiffs business by intentionally copying plaintiff's trade dress design of the "Pooch Party Pack" and its contents, especially the bone-shaped candle, invitation, and "Tips for a successful canine birthday party" brochure in order unfairly to appropriate plaintiff's established goodwill and divert plaintiff's customers by means of deception as to the source of defendant's product and selling .

b.  Engaged in unscrupulous business practices by intentionally copying plaintiff's trade dress design of the "Pooch Party Pack" and its contents, especially the bone-shaped candle, invitation, and "Tips for a

successful canine birthday party" brochure in order unfairly to appropriate plaintiff's established goodwill and divert plaintiff's customers by means of deception as to the source of defendant's product and selling .

c.   Engaged in unscrupulous business practices by intentionally misleading the public as to the designations of origin, descriptions, and representations, of defendants' "Pet Party Pack"   and its contents, especially the bone-shaped candle, invitation, and the plaintiff's copyrighted list of "Tips for a Successful Canine Birthday Party," which are likely to cause confusion, mistake or deception and misrepresent the nature, characteristics and qualities of defendant's services and goods.

e.   Engaged in unscrupulous business practices by inducing the consuming public to purchase the defendants' significantly underpriced "Pet Party Pack" and its contents, especially the bone-shaped candle, invitation, and the list of "Tips for a Successful Canine Birthday Party" brochure of inferior quality as compared to plaintiff's "Pooch Party Pack" to the financial detriment of plaintiff and the consuming public.

69.  The aforesaid unlawful acts of the defendants were done with malice aforethought toward the plaintiff and with no legal justification or excuse.

70.  The aforesaid unlawful acts of the defendants offend public policy,

violate federal and state law, are immoral, unethical, oppressive, and unscrupulous and cause substantial injury to consumers, competitors, business persons, the general public, and in particular, the plaintiff.

72. The aforesaid conduct of the defendants was engaged in with wanton, reckless indifference to the rights of others, especially the plaintiff, and was intentionally and consciously carried out to deprive the plaintiff of her legally enforceable rights.

72. As a result of the aforesaid acts and statutory violations, the defendants have caused and continue to cause the plaintiff a substantial ascertainable loss of money and the loss of a significant and valuable business opportunity.

73. As a further result of the aforesaid acts and statutory violations, the plaintiff has lost the use of the funds which would have been paid from the sale of her "Pooch Party Pack" and has incurred substantial attorneys' fees and other such losses in bringing this action.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff requests judgment as follows:

That defendant, its officers, agents, coconspirators, servants, affiliates, employees, parent and subsidiary corporations, attorneys and representatives, and

all those in privity or acting in concert with defendant, and each and all of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

    a.    Using service marks, trademarks, tradenames or trade dress in connection with the advertisement, promotion, offering for sale or rendering of retail services that imitate or simulate plaintiff's service marks, trademarks, tradesman or trade dress;

    b.    Performing any actions or using any service marks, trademarks, tradenames, trade dress, words, names, styles, titles, designs or marks that are likely to cause confusion or mistake, or to deceive; or to otherwise mislead the trade or public into believing that plaintiff and defendant are one and the same or in some way connected; or that plaintiff is a sponsor of defendant; or that defendant is in some manner affiliated or associated with or under the supervision or

control of plaintiff; or that the goods of defendant originate with plaintiff; or are likely in any way to lead the trade or the public to associate defendant with plaintiff;

c.     Using any service marks, trademarks, tradenames or trade dress or engaging in any other conduct that creates a likelihood of injury to the business reputation of plaintiff or a likelihood of misappropriation and dilution of plaintiff's distinctive service mark, tradesman and trade dress and the good will associated therewith;

d.     Registering as a service mark or trademark any name or mark containing the words "Pet Party Pack" , "Pooch Party Pack", or any distinctive words common to tradenames and service marks of plaintiff alone or in combination with other words, names, styles, titles or marks;

e.     Using any trade practices whatsoever, including

those complained of in this complaint, that tend

to unfairly compete with or injure plaintiff, its

business and the good will appertaining thereto;

For an injunction providing:

"Defendants shall be and hereby are enjoined from
directly or indirectly infringing plaintiff's rights under
federal or state law in the Copyrighted Items whether
now in existence or later created, that is owned or
controlled by plaintiff (or any business entity owning or
controlling the copyright of plaintiff), including without
limitation by using its retail stores or any online
distribution system to sell or offer for sale any of the
items contained in plaintiff's 'Pooch Party Pack' and its
contents, especially the bone-shaped candle, invitation,
and 'Tips for a successful canine birthday party'
brochure, to distribute any of of the items contained in
plaintiff's 'Pooch Party Pack' and its contents,
especially the bone-shaped candle, invitation, and 'Tips
for a successful canine birthday party' brochure, or to
make any of the items contained in plaintiff's 'Pooch
Party Pack' and its contents, especially the bone-shaped
candle, invitation, and 'Tips for a Successful Canine
Birthday Party' brochure available for distribution or
sale to the public, except pursuant to a lawful license or
with the express authority of plaintiff. Defendant also
shall destroy all copies of defendants' 'Pet Party Packs'
and its contents, especially the bone-shaped candle,
invitation, and 'Tips for a successful canine birthday
party' brochure that defendants have manufactured or
had manufactured, imported, distributed, or offered or
is offering for sale without plaintiff's authorization and
shall destroy all copies of those items in defendants'
possession, custody, or control."

That defendant be required to pay to plaintiff compensatory damages at present estimated to be in excess of $100,000 for the injuries sustained by plaintiff in consequence of the acts here complained of according to such proof as plaintiff shall produce at the trial of this action, and that such damages be trebled because of the willful acts described here in disregard of plaintiff's known rights;

That defendants be required to account to plaintiff for any and all gains, profits and advantages derived by them from the activities complained of in this complaint;

That defendant be required to deliver for destruction all goods contained in the defendants' "Pet Party Pack", advertisements, brochures, promotional materials, packaging and other material bearing the infringing copyright, service mark and tradesman, together with all plates, molds, matrices and other means and materials for making or reproducing the same;

Common law punitive damages;

Punitive Damages pursuant to C.G.S. § 42-110a;

Attorneys fees pursuant to C.G.S. § 42-110a;

For statutory damages for each infringement of each Copyrighted Item pursuant to 17 U.S.C. § 504.

Attorneys' fees and costs pursuant to 17 U.S.C. § 505.

That defendants be required to pay to plaintiff all of its litigation expenses, including reasonable attorney fees and the costs of this action; and

That plaintiff have such other and further relief as the court may deem just and proper.

THE PLAINTIFF,
PAWS FOR A TREAT, LLC

BY:_____
      Oliver B. Dickins, ct15648
      One Phelps Lane
      Simsbury, Connecticut 06070
      Tel: 860-658-4100
      Fax: 860-658-9200
Its Attorney